UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZION DWAYNE MAC YOUNG,
   Plaintiff,

v.

ARAMARK, INC.,
   Defendant.

Case No. 25-cv-05478-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; INSTRUCTING PLAINTIFFS TO SUBMIT LOCATION OF DEFENDANT FOR SERVICE**

## INTRODUCTION

Plaintiff Zion Young, an inmate at the San Francisco County Jail ("SFCJ") proceeding without representation by an attorney, filed this civil rights case under 42 U.S.C. § 1983 against Aramark, Inc.. The complaint also lists two other SFCJ inmates, Nicky Garcia and Philip Pitney, as plaintiffs. Plaintiff Young filed a motion to proceed in forma pauperis, which is granted in a separate order. For the reasons discussed below, the case is dismissed with leave to amend for failure to state a claim capable of judicial determination and review. Additionally, Plaintiffs shall submit an address for Defendant Aramark, Inc., to the court so the United States Marshal can effectuate service, if ordered to do so.

## BACKGROUND

Plaintiff Young alleges he found a maggot on his food while eating dinner. (ECF No. 1 at 2.) He showed it to a deputy, who took photos and placed the food tray behind him for kitchen supervisors to see. (*Id.* at 2-3.) Plaintiff Young then vomited and summoned a nurse. (*Id.* at 3.) Plaintiff Young alleges Defendant Aramark is the "food vendor" at SFCJ. (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The Court must identify actionable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by self-represented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

### I.  Plaintiff Young's Claim

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). Under both the Eighth and Fourteenth Amendment, an inmate must show that the defendant acted with deliberate indifference in inflicting the injury. *Id.* at 1068. A defendant is deliberately indifferent under the Eighth Amendment if the defendant "knows of knows of and disregards an excessive risk to

2

inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and under the Fourteenth Amendment if the defendant acts with "more than negligence but less than subjective intent – something akin to reckless disregard," *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Id. at 1071 (addressing Eighth Amendment deliberate indifference); *see* See Farmer, 511 U.S. at 837.

The Court is not persuaded Plaintiff Young's allegations support a reasonable inference that Aramark, Inc., was deliberately indifferent. "Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to amount to a constitutional violation." *Hampton v. Hernandez*, No. 3:23-CV-00234-JMK, 2024 WL 2213113, at *3 (D. Alaska May 16, 2024) (internal quotation marks omitted).

> Furthermore, isolated and sporadic claims of contaminated food is insufficient to state a cognizable constitutional claim under the Eighth Amendment. *See*, *e.g*., *Islam v. Jackson*, 782 F.Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Bennett v. Misner, No. Civ 02-1662-HA, 2004 WL 2091473, at *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

*Dalke v. Clark*, No. 120CV00534SABPC, 2020 WL 8515180, at *6 (E.D. Cal. Apr. 29, 2020) (finding allegation official served inmate "poisoned" food on one occasion insufficient to state a claim for an Eighth Amendment violation). Plaintiff Young does not allege Aramark, Inc., was previously informed of maggots or other contamination in the food. He only alleges a single, isolated incident of food contamination, which does not, without more, support a reasonable inference Defendant "knew of and disregarded an excessive risk of harm" to him, or that Defendant displayed a "callous disregard" to Plaintiff's health. Accordingly, Plaintiff Young has failed to state a claim that is capable of judicial determination and review against Defendant Aramark, Inc.

//

3

## II. Other Plaintiffs

As noted above, the complaint names two additional plaintiffs, Garcia and Pitney.[1] There are two problems with the additional plaintiffs. First, neither Plaintiff signed the complaint or, for that matter, any other filing in this case. As Plaintiffs are not represented by an attorney, they must each personally sign "[e]very pleading, written motion, and other paper" filed with the court. *See* Fed. R. Civ. P. 11(a). Second, the complaint does not include any factual allegations concerning Plaintiffs Garcia or Pitney, other than that they are also inmates at the jail. As a result, no reasonable inference can be drawn that either of these Plaintiffs suffered any injury, let alone a violation of their rights under federal law, as required under Section 1983. Accordingly, the complaint does not state a claim by Plaintiffs Garcia and Pitney that is capable of judicial review or determination.

If Plaintiffs Garcia and Pitney wish to pursue their claims in this case, all three Plaintiffs must file an amended complaint that all of them sign, and the amended complaint must include allegations that support a reasonable inference that each of them suffered a violation of their constitutional rights. Or, Plaintiffs Garcia and Pitney may file new and separate cases in which they file complaints of their own.

## III. Service of Aramark, Inc.

Plaintiffs have not provided the location of Defendant Aramark, Inc. Without this information, the Marshal cannot carry out service.

In cases involving plaintiffs proceeding *in forma pauperis* (IFP), the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the United States marshal to effect service. Fed. R. Civ. P. 4(c)(3). If service of the summons and complaint is not made upon a defendant within 90 days of the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m).

---

[1] The caption of the form complaint also includes the names "Dwayne" and "Mac" in the section for plaintiffs. (ECF No. 1 at 1.) It is not clear if this is one or two people, or if these are first or last names. In any event, as these names are not included in the section of the form where the names of all plaintiffs must be listed (*id.* at 2), the Court does not consider a "Dwayne" or "Mac" to be plaintiffs in this case. If there are inmates by these names who wish to be a part of this case, they must sign an amended complaint along with the other plaintiffs, as discussed below.

"[A]n incarcerated pro se plaintiff proceeding [IFP] is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

If Plaintiffs amend their complaint, they must also provide the Court with sufficient location information for Aramark, Inc., for the United States Marshal to complete service. As this case was filed more than 90 days ago, Plaintiffs' failure to do so, or show cause why not, by the deadline set forth below may result in the dismissal of this case without prejudice under Rule 4(m).

**CONCLUSION**

For the reasons explained above,

1. The case is DISMISSED WITH LEAVE TO AMEND. Plaintiffs may file an amended complaint on or before **November 25, 2025.** The amended complaint must include the caption and civil case number used in this order (No. C 25-5478 JSC (PR)) and the words "FIRST AMENDED COMPLAINT" on the first page. Because any amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992),

Plaintiffs may not incorporate material from the original complaint by reference; they must include in the amended complaint all the claims they wish to pursue.  <u>If Plaintiffs fail to file an amended complaint within the designated time, or if the amended complaint is not sufficient, the case may be dismissed.</u>

2.  If Defendants file an amended complaint, on or before **November 25, 2025**, Plaintiffs shall also: (1) provide the Court with sufficient location information to enable service upon Defendant Aramark, Inc., or (2) show cause why they cannot.  **<u>Failure to do so will result in the dismissal of this case without prejudice under Rule 4(m).</u>**

3.  It is Plaintiffs' responsibility to prosecute this case.  Plaintiffs must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  Plaintiffs also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: October 24, 2025

JACQUELINE SCOTT CORLEY
United States District Judge